HOUSE ET AL. *v.* JULIUS, TRUSTEE, ET AL.

[No. 11,461. Filed January 24, 1923.]

1. SCHOOLS AND SCHOOL DISTRICTS.—*Schools.*—*Establishment.*—*Notice.*—*Trustee.*—*Powers.*—*Statute.*—The power of a trustee of a school township to establish a school under §6405 Burns 1914, §4438 R. S. 1881, and §6410 Burns 1914, Acts 1899 p. 424, does not depend upon the giving of the notice to patrons provided for by §6484a Burns' Supp. 1921, Acts 1919 p. 806, giving them an opportunity to petition the county superinten-

dent of schools for the location of the school at a different place.  p. 239.

2.  SCHOOLS AND SCHOOL DISTRICTS.—*Establishment.—Sale of Bonds.—Injunction.—Failure to Acquire Title to School Site.* —Injunction will not issue to restrain a sale of bonds and the construction of a school building by a township trustee merely because the real estate upon which the building is to be erected has not been conveyed to trustee by deed; the trustee having a contract providing for the execution of a deed upon the payment of the purchase price.  p. 240.

From Tipton Circuit Court; *James M. Purvis,* Judge.

Action by Albert M. House and others against Austin Julius, trustee, and others.  From a judgment for defendants, the plaintiffs appeal.  *Affirmed.*

*Cleon W. Mount* and *Kemp, Kemp & Russell,* for appellants.

*Gifford & Gifford, J. R. Coleman* and *Douglas Morris,* for appellees.

DAUSMAN, J.—The appellants are residents of Madison school township, Tipton county, and some of them are parents of children of school age.  The appellee Austin Julius is the trustee of said township, and his coappellee the Merchants National Bank of Muncie is the purchaser of certain bonds.  This action was instituted to perpetually enjoin the trustee from erecting a building and establishing a school, and from selling bonds for that purpose.  The trial resulted in a finding for the defendants and judgment was rendered accordingly.

It appears that Madison township is purely rural, there being no town therein.  The assessed valuation of the taxable property in the township in 1921 was $7,700,000.  Since July 3, 1897, the township owned a tract of land, containing about one acre, in the southeast corner of section 12, on which was located a schoolhouse.  The schoolhouse was used for school purposes, was located near the "center" of the civil township and

the place was known as Cedar Corners. In December, 1920, the schoolhouse was destroyed by fire. There was no high school in the township. In February, 1921, the trustee and the advisory board decided to establish at Cedar Corners a combined elementary and high school and to erect a building for that purpose. The county superintendent of schools was consulted and he gave his approval to the location. By a contract in writing the trustee purchased additional land, abutting the old school ground, sufficient to make a tract of five acres. He employed an architect who prepared plans and specifications for the proposed building. He sold school bonds to procure funds to pay for the building. The issuance of the bonds was approved by the state board of tax commissioners, the matter having been brought before that board by a remonstrance. He entered into a contract for the construction of the building. The contractor purchased material to be used for that purpose, and it is averred in the complaint that the contractor "is proceeding with the erection and construction of the building." All those things were done before this action was commenced. There is an interurban railroad and a steam railroad within 500 feet of the site selected for the proposed schoolhouse. After the commencement of the action and before the trial, the location was approved by the state superintendent of public instruction and by the secretary of the state board of health, each of which officers waived the limitations of the statute in accordance with §6616a Burns' Supp. 1921, Acts 1915 p. 94. This approval and waiver was adduced in evidence at the trial.

It appears from the record that the township trustee endeavored to conduct his proceedings with commendable regard for the law. Notices were duly given, each step was taken in conformity with the provisions of the statutes, and no irregularity

is disclosed, unless the fact that no notice was given pursuant to §2 of the Act of 1919 (Acts 1919 p. 806, §6484c Burns' Supp. 1921) constitutes an irregularity. For the sole purpose of exhibiting the principle involved, let it be assumed that said section is applicable.    What, then, is the purpose of the notice?    It is to give the school patrons an opportunity to petition the county superintendent of schools for the location of the school at a different place, and thereby to get his decision on that feature.    If the plaintiffs had proceeded on the theory that they had no knowledge of the selection of the site in time to have invoked the decision of the county superintendent, and had asked the court to restrain the trustee until that could be done, we would have a different question.    But that is not the theory of the action.    The power of the trustee to establish the school does not depend on the giving of the notice.    See §6405 Burns 1914, §4438 R. S. 1881; §6410 Burns 1914, Acts 1899 p. 424; §9598 Burns 1914, Acts 1899 p. 150; §1, Acts of 1913 (Acts 1913 p. 331, §6584a Burns 1914).

Counsel for the appellants contend also that the trustee should have been permanently enjoined for the reason that the real estate had not been conveyed to the township by deed.    At the commencement of the action the trustee held the title by virtue of a contract which provides for the execution of a deed upon the payment of the purchase price.    If that were not sufficient, manifestly the plaintiffs should have asked that the trustee be restrained from proceeding further until the title could be conveyed by deed.    That they did not do.

From the facts apparent upon the fact of the record, and for several reasons other than the ones discussed by counsel for the appellants, the trial court did not err in its finding and judgment.

Judgment affirmed.